**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DARYL MORGAN, Administrator of the
Estate of Gary Tucker**                                                                                     **PLAINTIFF**

**vs.**                                                         **4:09CV00792-WRW**

**NATIONAL BANK OF KANSAS CITY, et al.**                                      **DEFENDANTS**

**ORDER**

On October 6, 2009, Plaintiff, as Administrator of the Estate of Gary Tucker, proceeding *pro se* filed a complaint against several defendants regarding mortgaged property.

Since Plaintiff is not a licensed attorney, his attempt to file a complaint as the administrator of an estate, when the estate has other interested parties, constitutes the unauthorized practice of law.

Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business.[1] However, it is well-settled that only a licensed attorney may represent another party in court,[2] and "that a corporation may appear in the federal courts only through licensed counsel."[3] Arkansas law strongly disfavors non-lawyers representing the interests of others:

---

[1] *Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939).

[2] See *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996) (A non-lawyer trustee may not represent a trust *pro se* in federal court); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (Non-lawyer purported trustees could not represent trust in court of United States.); *Abel v. Kowalski*, 913 S.W.2d 788 (Ark. 1996) (Appellant, who appeared *pro se*, but tendered a motion on behalf of other appellants, is not a licensed attorney, may not practice law in Arkansas, and may not represent other appellants).

[3] *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); see also *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases).

In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.[4]

When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity.[5]

## CONCLUSION

Based on the findings of fact and conclusions of law above, this CASE is DISMISSED as a nullity.

IT IS SO ORDERED this 27th day of October, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] *McKibben v. Mullis*, 90 S.W.3d 442, 450 (Ark. App. 2002).

[5] *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005).